UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESIREE CRAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CV2567 JCH |
| ) | |
| JESSICA SINN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, filed May 27, 2020. (ECF No. 27). By way of background, on July 2, 2019, Plaintiff Desiree Crayton ("Crayton") filed her Petition against Defendant Jessica Sinn ("Sinn") in the Circuit Court of St. Louis City, Missouri. (Petition, ECF No. 3 (hereinafter "Complaint" or "Compl.")). In her Complaint, Crayton alleges that Sinn's negligence caused her to sustain severe and permanent injuries to her head, neck, lumbar spine, cervical spine, torso, arms, legs, and body as a whole. (Compl., ¶¶ 4, 5). In her prayer for relief, Crayton requests damages, "in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and for her costs in bringing this cause of action; and for such other and further relief as this Court may deem to be proper and just." (*Id.*, P. 3).

On September 13, 2019, Sinn removed this action to the United States District Court for the Eastern District of Missouri, claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. (Defendant's Notice of Removal, ECF No. 1). On May 27, 2020, Crayton filed the instant Motion to Remand, asserting that the amount in controversy is less than $75,000.00. (ECF No. 27). Crayton attached to her motion a Stipulation and Order, signed by both Crayton and her attorney, stating as follows:

1. Plaintiff hereby irrevocably agrees that the amount of damages claimed by [her] in the above titled action is and will forever be less than $75,000, exclusive of interest and cost, and that Plaintiff shall not be entitled to collect more than said amount for any reason whatsoever.
2. Plaintiff hereby irrevocably agrees to the entry of an order of the state and federal courts which place an irrevocable cap upon the amount of damages of any kind which may be sought by or awarded to Plaintiff in this case. This cap shall be set at $75,000, exclusive of interest and costs.
3. Plaintiff hereby agrees that this Stipulation shall be filed with the federal court in this matter with a request that the court approve this Stipulation and Order.
4. Plaintiff agrees to filing this Stipulation and Order with the state court upon remand.
5. This Stipulation and Order is binding upon Plaintiff and cannot be rescinded or revoked under any circumstance regardless of any development which may occur, including but not limited to developments that may occur during the investigation, discovery, pre-trial or trial of this action.

(*Id.*, PP. 3-4).

## DISCUSSION

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. *Corlew v. Denny's Restaurant, Inc.*, 983 F.Supp. 878, 880 (E.D. Mo. 1997).

"Where state law prohibits a plaintiff from specifying in the complaint the amount of damages sought, the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000." *Neighbors v. Muha*, 2005 WL 2346968 at *2 (W.D. Mo. Sep. 26, 2005) (citation omitted). "If the Defendants satisfy their burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the Plaintiff can defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount." *Id.* (citation omitted).

"Although the amount-in-controversy is determined at the time the action is commenced in federal court and *subsequent* stipulations cannot deprive the court of jurisdiction, where, as here, the original state court petition is unclear as to the actual amount, the Western District of Missouri has determined that a stipulation as to the amount sought by plaintiff *at the time of removal* does not violate the principle and strikes a balance between the right of plaintiff to choose a forum and the right of a defendant to remove." *Slavin v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 3274337 at *2 (E.D. Mo. Dec. 2, 2005) (emphasis in original) (citing *Workman v. Kawasaki Motors Corp., USA*, 749 F.Supp. 1010 (W.D. Mo. 1990)); *see also Neighbors*, 2005 WL 2346968 at *3 (emphasis in original) (citation omitted) ("[P]ost-removal affidavits may be considered to the extent that they *clarify*, rather than amend, the original pleading."). Several courts in this district have adopted the *Workman* approach, and permitted remand when plaintiffs stipulate they are seeking less than the jurisdictional amount. *See, e.g., Yarovinski v. Heartland Exp. Inc. of Iowa*, 2006 WL 146222 at *2-3 (E.D. Mo. Jan. 19, 2006); *Slavin*, 2005 WL 3274337 at *3.

Upon consideration, this Court finds the above approach to be the correct one. "A binding stipulation by plaintiff filed both in state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs protects both plaintiff and defendant and allows the court to find with legal certainty that the amount in controversy *at the time of removal* did not and does not exceed $75,000 exclusive of interest and costs." *Slavin*, 2005 WL 3274337 at *3 (emphasis in original).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 27) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file in state court the Stipulation and Order (ECF No. 27, PP. 3-4) filed in this Court.


Dated this   29th    Day of May, 2020.


            \s\ Jean C. Hamilton
           UNITED STATES DISTRICT JUDGE